In the Interest of D.B., a child under seventeen years of age.

No. 51210.

Missouri Court of Appeals, Eastern District, Southern Division.

May 19, 1987.

Jeffrey P. Hine, Cape Girardeau, for appellant.

Shawn Ragan McCarver, Flat River, for respondent.

CRIST, Judge.

Appellants, natural mother and stepfather of D.B., appeal from a January 27, 1987 judgment entered pursuant to § 211.-031, RSMo 1986, adjudging, among other things, that the seven-year-old son of natural mother and natural father remain a ward of the juvenile court, with temporary legal custody, [§ 211.021(4)], remaining with the Missouri Division of Family Services (Family Services). We affirm.

On November 5, 1984, Family Services filed a petition, in the Juvenile Division of the St. Francois County Circuit Court, seeking custody of D.B. That petition followed three hotline reports regarding D.B.; two reports of sexual molestation, and one report of a black eye. On November 27, 1984, D.B. was made a ward of the court, temporary legal custody was given to Family Services and D.B. was placed in a foster home. In making its order the court found "the environment of the child is injurious to his own welfare in that the child alleges and believes he has been sexually molested by his step-father, and therefore the child has exhibited signs of severe emotional distress and disturbance."

The court reviewed D.B.'s status at close intervals, February 12, 1985, June 7, 1985, and finally January 27, 1986. Except for liberalization of the visitation arrangement between D.B. and his mother and stepfather, from supervised visits to overnight visits, the 1985 orders maintained the status quo.

In the January 27, 1986 order, the subject of this appeal, the court ordered: the juvenile court to retain supervision and jurisdiction; physical custody of D.B. given to the natural father with supervision by Family Services; and natural mother and stepfather be given reasonable visitation every other weekend, those visits to be monitored by Family Services. This order was made after a hearing at which Family Services, natural mother and stepfather, natural father, and D.B. were all represented. All but D.B.'s guardian ad litem presented witnesses and put on evidence.

The evidence of the need to separate the child from his stepfather was proven by clear and convincing evidence. Rule 117.-05. The evidence further shows the welfare of the child requires continued supervision, counseling and treatment. The

child's needs are best served by the arrangement ordered by the court; D.B. is in the physical custody of a natural parent, he is in contact with both natural parents; and Family Services is monitoring the whole situation. Other reasonable alternatives were lacking. *In Interest of C.L.M.*, 625 S.W.2d 613, 617 [6] (Mo.banc 1981).

The judgment is supported by substantial, clear and convincing evidence, and is not against the weight of the evidence. No error of law appears. An extended opinion would have no precedential value.

Judgment affirmed in accordance with Rule 84.16(b).

DOWD, P.J., and CRANDALL, J., concur.